# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## MICHAEL A. POUNDS v. KEVIN MYERS, WARDEN, STATE OF TENNESSEE

### Appeal from the Circuit Court for Wayne County
### No. 13320     Jim T. Hamilton, Judge

---

### No. M2004-00731-CCA-R3-HC - Filed July 28, 2005

---

The Defendant, Michael A. Pounds, appeals from the trial court's dismissal of his petition seeking habeas corpus relief. The State has filed a motion requesting that this court affirm the trial court's dismissal of the petition pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State's motion is granted. The judgment of the trial court is affirmed.

### Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Michael A. Pounds, Pro Se.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, Kevin Myers, Warden, State of Tennessee.

### MEMORANDUM OPINION

The record on appeal reflects that in 1988 the Defendant pleaded guilty to and was convicted of felony murder. He was sentenced to life in prison. In 2003, the Defendant filed a petition seeking habeas corpus relief, alleging that the convicting court lacked jurisdiction to convict him because the indictment charging him with murder was defective. The trial court summarily dismissed the petition. It is from the order of dismissal that the Defendant appeals. The State filed a motion to allow it to late-file a Rule 20 affirmance motion. The State also filed a motion requesting that this court affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. We grant both motions filed by the State.

Article 1, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tennessee Code Annotated sections 29-21-201 et seq. codify the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Thus, the grounds upon which habeas corpus relief will be granted are very narrow. State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The Defendant argues that his conviction is void because the indictment fails to state facts or circumstances which constitute the offense of first-degree (felony) murder.

A valid indictment is essential to vest jurisdiction in the convicting court, and an indictment that is so defective that it fails to vest jurisdiction may be challenged in a habeas corpus proceeding. See Wyatt v. State, 24 S.W. 3d 319, 323 (Tenn. 2000). Our supreme court has held that an indictment meets constitutional requirements if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy. State v. Hill, 954 S.W. 2d 725, 727 (Tenn. 1997). In addition, an indictment must state the facts of the offense in ordinary and concise language. See Tenn. Code Ann. § 40-13-202.

After reviewing the indictment in this case, a copy of which is contained in the record, we conclude that it meets both the constitutional and statutory requirements. The indictment charges that the Defendant did, during a stated time period in Shelby County, unlawfully and feloniously kill and murder [the named victim] during the perpetration of a robbery. We conclude that the indictment upon which the Defendant's conviction is based, is sufficient to vest jurisdiction in the convicting court.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

 

                               _____

                               DAVID H. WELLES, JUDGE